# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

NORTHEND INVESTORS, LLC,

    Plaintiff,

v.                                                           No. 1:16-cv-01137-STA-egb

SOUTHERN TRUST INSURANCE COMPANY,

    Defendant.

## ORDER DENYING DEFENDANT'S MOTION TO CERTIFY A QUESTION TO THE TENNESSEE SUPREME COURT

Before the Court is Defendant's "Motion to Certify Question to Tennessee Supreme Court." (ECF No. 90). Defendant seeks certification of the following question: "[w]hether, in a breach of contract case involving an insurance policy, Tenn. Code Ann. § 56-7-105 is Plaintiff's exclusive remedy for extracontractual damages or does Plaintiff have available both a common law remedy for punitive damages in addition to the statutory remedy of the bad faith penalty." (*Id.* at 1.) Plaintiff has responded in opposition. (ECF No. 92.) For the reasons stated below, the Motion is DENIED.

On September 26, 2016, Defendant filed a motion to dismiss Plaintiff's claims for punitive damages and costs, arguing that two provisions of Tennessee law preclude Plaintiff from seeking common law punitive damages in addition to the penalty provided by statute. (ECF No. 24.) After discussing this Court's precedent on the issue and examining state court precedent, statutory interpretation, and legislative history regarding the statutes, the Court held "that the Tennessee Supreme Court would rule that neither the bad-faith statute nor section 56-8-

113 vitiates a properly pleaded common law claim for punitive damages in a breach of contract action under Tennessee law." (ECF No. 81 at 10.) For this reason, the Court denied the portion of Defendant's motion that sought to dismiss Plaintiff's punitive damages claims. (*Id.*)

Defendant now moves for certification of the very same question it raised in its motion to dismiss. The Tennessee Supreme Court "may, at its discretion, answer questions of law certified to it" from a United States District Court sitting in Tennessee, provided that "there are questions of law of this state which will be determinative of the cause and as to which it appears to the certifying court there is no controlling precedent in the decisions of the Supreme Court of Tennessee." Tenn. Sup. Ct. R. 23, § 1. "[P]rinciples of federalism and comity favor giving a State's high court the opportunity to answer important questions of state law." *Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 777 (2005). The Sixth Circuit "has held that certification 'is most appropriate when the question is new and state law is unsettled.'" *Eiswert v. United States*, 619 F. App'x 483, 486 (6th Cir. 2015) (quoting *Transamerica Ins. Co. v. Duro Bag Mfg. Co.*, 50 F.3d 370, 372 (6th Cir. 1995)). Certification is not a matter of right, however; "[i]ts use in a given case rests in the sound discretion of the federal court." *Lehman Bros. v. Schein*, 416 U.S. 386, 391 (1974).

The Court agrees that both of the elements of Tennessee Supreme Court Rule 23 may well be satisfied here: state law on this issue is particularly unsettled and certification would be dispositive of Plaintiff's punitive damages claim. (*See* ECF No. 81 at 6–10 (discussing conflicting federal and state court precedent against the backdrop of the Tennessee Supreme Court's silence on the issue); *see also Becker v. Ford Motor Co.*, No. 1:13-CV-276-SKL, 2013 WL 6046080, at *2 (E.D. Tenn. Nov. 13, 2013) (holding that "[Tennessee Supreme Court] Rule 23's requirement that the question of law be 'determinative of the cause' requires that the

question of law be" dispositive of the claim, rather than the entire case).) In its motion to dismiss, Defendant had included several requests in the alternative, including a motion to bifurcate punitive damages issues at trial (ECF No. 34), which the Court granted (ECF No. 81 at 10–12). At no point in either its memorandum in support or its reply brief did Defendant include a request to certify a question to the Tennessee Supreme Court. Only now, after the Court has ruled against it, does Defendant seek a rehearing of this issue before another court. Faced with a similar situation, the Southern District of Ohio held thus:

> But to certify the question at this procedural juncture would allow Plaintiffs another bite at the apple, which is not the function of the certification process. Significantly, Plaintiffs request the certification after the issue has been resolved by this Court. Had Plaintiffs made this request prior to the resolution of the issues, the request would have carried more weight. Plaintiffs were clearly aware that this issue was potentially dispositive of their argument . . . . Despite this, Plaintiffs did not suggest certification prior to this Court's resolution of the issue. Accordingly, the Court denies Plaintiffs' requested certification.

*Gascho v. Glob. Fitness Holdings, LLC*, 918 F. Supp. 2d 708, 713 (S.D. Ohio 2013). This Court agrees with the above reasoning and finds it sufficient to defeat the instant motion. *See also Af-Cap, Inc. v. Republic of Congo*, 220 F. App'x 343, 344 (5th Cir. 2007) (declining the petitioner's request to certify to the Texas Supreme Court a question of law that the Fifth Circuit had "already answered as between these very parties"). Accordingly, Defendant's Motion is DENIED.

The Court also notes Plaintiff's argument that this discrete matter is presently unripe. (ECF No. 92 at 5.) In order for the amount of punitive damages to become fully at issue, the jury must first find Defendant liable, award compensatory damages, and determine that punitive damages are appropriate. All of this would occur in the first phase of the trial, pursuant to this Court's ruling regarding bifurcation. (ECF No. 81 at 10–12.) During the second phase, the jury would then have to award an amount of punitive damages beyond that allowed by Tennessee's

3

bad-faith statute.[1] If all of these conditions precedent occur, then the Court may choose to entertain a renewed motion to certify Defendant's question to the Tennessee Supreme Court. *See Lindenberg v. Jackson Nat'l Life Ins. Co.*, 147 F. Supp. 3d 694 (W.D. Tenn. 2015) (granting a motion to certify two questions of law regarding punitive damages to the Tennessee Supreme Court after a trial in which the jury awarded punitive damages).

IT IS SO ORDERED this 5th day of July, 2017.

                         **s/ S. Thomas Anderson**
                         S. THOMAS ANDERSON
                         CHIEF UNITED STATES DISTRICT JUDGE

---

[1] The bad-faith statute would allow a limited "penalty" that is analogous to punitive damages, regardless of whether common law punitive damages are available. *See* Tenn. Code Ann. § 56-7-105.